# Court of Appeals
# of the State of Georgia

ATLANTA, February 05, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0227. ROBERT L. REHBERGER v. CITY OF STOCKBRIDGE.

Robert L. Rehberger has a history of filing frivolous lawsuits and thus is required to seek permission of the court prior to filing a pro se legal action. On October 23, 2024, the superior court entered an order permitting Rehberger to file an action in forma pauperis, but requiring Rehberger to amend his petition to remove documents related to previously-litigated matters. After Rehberger filed an amended petition, the trial court entered a second order on November 5, 2024 again permitting Rehberger to proceed with his claim. The same day, the trial court denied Rehberger's request for a certificate of immediate review. On December 18, 2024, Rehberger filed this application for discretionary appeal.[1] We lack jurisdiction.

As a threshold matter, no provision of the discretionary application statute appears to apply to the orders included with Rehberger's application. See OCGA § 5-6-35 (a). Ordinarily, this Court will grant a timely discretionary application if the lower court's ruling is subject to direct appeal. See OCGA § 5-6-35 (j). Here, however, Rehberger's application — filed 43 days after the superior court's orders — was not timely. See OCGA § 5-6-35 (d) (discretionary application must be filed within 30 days of entry of the order sought to be appealed). Furthermore, it appears the trial court's rulings may be non-final, in which case Rehberger was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to appeal.

---

[1] Rehberger filed the application in the Supreme Court, which transferred the matter to this Court. See Case No. S25D0535 (Jan. 9, 2025).

Where a trial court declines to issue a certificate of immediate review, an appellate court lacks jurisdiction to consider interlocutory rulings. *Duke v. State*, 306 Ga. 171, 186 (4) (829 SE2d 348) (2019).

For these reasons, we lack jurisdiction to consider this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  02/05/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*